# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL MULGREW, et al.,

                                Plaintiffs,               **MEMORANDUM & ORDER**

      v.

                                                24-cv-81
UNITED STATES DEPARTMENT OF               (Gujarati, J.)
TRANSPORTATION, et al.,                           (Marutollo, M.J.)
                              Defendants.
------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiffs—New York elected officials, civic leaders, unions, and advocacy organizations—bring this action against Defendants Metropolitan Transportation Authority ("MTA"), Triborough Bridge and Tunnel Authority ("TBTA"), New York State Department of Transportation ("NYSDOT"), New York City Department of Transportation ("NYCDOT"), United States Department of Transportation ("USDOT"), Federal Highway Administration ("FHWA"), FHWA Administrator Shailen Bhatt, and FHWA New York Division Administrator Richard J. Marquis (collectively, "Defendants"). Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-06, Plaintiffs bring claims under the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.* ("NEPA") challenging the Manhattan Central Business District ("CBD") Tolling Program, which Plaintiffs refer to as "congestion pricing." Plaintiffs also allege federal constitutional violations as well as a violation of Article 1, Section 19 of the New York State Constitution (the "Green Amendment").

      Pursuant to 28 U.S.C. § 1404(a), Plaintiffs and Defendants MTA, TBTA, NYSDOT, and NYCDOT seek to transfer this action to the United States District Court for the Southern District of New York. *See* Dkt. No. 40. Defendants USDOT, FHWA, FHWA Administrator Shailen

Bhatt, and FHWA New York Division Administrator Richard J. Marquis (collectively, "Federal Defendants") take no position on transferring this action to the Southern District of New York. *See id.*

For the reasons stated below, the Court transfers this action to the Southern District of New York.[1]

A. **Factual and Procedural Background**

Plaintiffs filed the Complaint in this action on January 4, 2024. *See* Dkt. No. 1. On January 5, 2024, the Court scheduled an in-person initial conference in this matter for February 16, 2024. *See* Dkt. No. 4. Plaintiffs filed an Amended Complaint on January 26, 2024. *See* Dkt. No. 19 ("Am. Compl.").

On February 1, 2024, the Court ordered the parties to file, by February 9, 2024, a joint letter setting forth their position regarding whether, *inter alia*, the parties would be amenable to a settlement conference with the parties in parallel cases also challenging the CBD Tolling Program: namely, the cases styled *State of New Jersey v. United States Department of Transportation, et. al.*, No. 2:23-CV-3885 (D.N.J.); *Sokolich, et. al. v. United States Department of Transportation, et. al.*, No. 2:23-CV-21728 (D.N.J.), *Chan, et. al. v. United States Department of Transportation,*

---

[1] Because a motion to transfer venue is non-dispositive, this Court will adjudicate it by order pursuant to 28 U.S.C. § 636(b)(1)(A), rather than by issuing a report and recommendation. *See, e.g., RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-CV-7996 (JLR) (OTW), 2024 WL 50239, at *1 (S.D.N.Y. Jan. 4, 2024) ("Venue motions under 28 U.S.C. § 1404 are treated as non-dispositive motions that can be decided by a magistrate judge."); *Hobby Lobby Stores Inc. v. Obbink*, No. 21-CV-3113 (RPK) (MMH), 2023 WL 6214240, at *1 (E.D.N.Y. Sept. 23, 2023); *Atari Interactive, Inc. v. Target Corp.*, No. 19-CV-03111 (LAK) (OTW), 2019 WL 6728860, at *2 (S.D.N.Y. Dec. 10, 2019) ("Venue motions filed in the context of 28 U.S.C. § 1404(a) have been treated as non-dispositive motions that can be decided by a magistrate judge.") (citing cases); *Adams v. Barnhart*, No. 03-CV-1362 (KMW) (GWG), 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003). Under Fed. R. Civ. P. 72(a), a district judge may modify or set aside any portion of a magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

2

*et. al.*, No. 23-CV-10365 (S.D.N.Y.); and *New Yorkers Against Congestion Pricing Tax et. al. v. United States Department of Transportation*, No. 24-CV-367 (S.D.N.Y.).

On February 8, 2024 and February 9, 2024, consistent with the Individual Practice Rules of the Honorable Diane Gujarati, United States District Judge, Defendants filed their respective letter motions for a pre-motion conference in contemplation of their motions to dismiss. *See* Dkt. Nos. 27, 29, 30, 31. Defendants MTA, TBTA, NYSDOT, and NYCDOT informed the Court of their intent to "file a motion to transfer this action to the Southern District of New York, before which two cases challenging the CBD Tolling Program are pending," to wit, *Chan v. United States Department of Transportation*, No. 23-cv-10365 (S.D.N.Y.) ("*Chan*"); and *New Yorkers Against Congestion Pricing Tax v. United States Department of Transportation*, No. 24-cv-367 (S.D.N.Y.) ("*New Yorkers*"). Dkt. No. 30 at 1. Defendants MTA, TBTA, NYSDOT, and NYCDOT noted that in *Chan*, the plaintiffs are represented by the same counsel as Plaintiffs in this action. *See id.*[2] Federal Defendants are also named defendants in both *Chan* and *New Yorkers*.

On February 9, 2024, the parties filed their response to the Court's February 1, 2024 order. *See* Dkt. No. 32. On February 12, 2024, a conference before the Honorable Lewis J. Liman, United States District Judge, was held in *Chan* and *New Yorkers*, where the issue of a potential transfer of this instant matter was discussed. *See* Dkt. No. 36. On February 13, 2024, Plaintiffs notified Judge Liman that they consented to transferring the present action to the Southern District of New York. *See id.*

---

[2] According to Plaintiffs, Plaintiffs' counsel was "retained initially to bring the *Mulgrew* suit and with the Staten Island Plaintiffs, the EDNY was an appropriate place to file. It was only after that filing that [Plaintiffs' counsel] was approached to take over [*Chan*] that had been filed *pro se* in the SDNY." DKt. No. 39 at 2.

On February 14, 2024, Defendants MTA and TBTA notified the Court that NYSDOT and NYCDOT consented to transfer this action to the Southern District of New York; Federal Defendants "take no position." *See id.* On the same date, the Court adjourned the February 16, 2024 initial conference *sine die* and ordered that Plaintiffs' deadline to respond to Defendants' pre-motion conference letters was also adjourned *sine die*. *See* Text Order, dated February 14, 2024. The Court ordered the parties to file a stipulation reflecting their agreement to transfer this matter to the Southern District of New York no later than February 20, 2024. *See id.*

On February 15, 2024, Federal Defendants filed a letter in response to the MTA and TBTA's forthcoming request to transfer venue. *See* Dkt. No. 37. Federal Defendants explained that "[w]hile Federal Defendants *ultimately take no position* on transfer of venue, [] they believe dismissal, rather than transfer, is the appropriate course of action for the Court to take here." *Id.* at 1 (emphasis added). Specifically, Federal Defendants reiterated that they intend to move to dismiss the Amended Complaint under NEPA as "time-barred and unripe, respectively." *Id.* Federal Defendants also argued that "a district court's authority to transfer an action under 28 U.S.C. § 1404(a) depends in the first instance on the existence of subject matter jurisdiction." *Id.* (citing, *inter alia*, *Levitt v. Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1490 n.3 (E.D.N.Y. 1986) (Wexler, J.) ("Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer."); *Leeds, Morelli & Brown, P.C. v. Hernandez*, No. 05-CV-1135, 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) (Irizarry, J.) and *Shoham v. United Airlines, Inc.*, No. 22-CV-5677, 2022 WL 13798296, at *3 (E.D.N.Y. Oct. 21, 2022) (Irizarry, J.)).

On February 16, 2024, the parties in *Chan* and *New Yorkers* filed a joint letter to Judge Liman outlining a proposed briefing schedule for the filing of: (1) the administrative record and

4

answers in *Chan*; (2) motions for summary judgment in *Chan*; and (3) motions to dismiss in both *Chan* and *New Yorkers*.  *See Chan*, Dkt. No. 30; *New Yorkers*, Dkt. No. 42.  In the joint letter, the parties proposed to Judge Liman "that the *Mulgrew* litigation be subject to the deadlines for the *New Yorkers* action in this briefing schedule if it is transferred to [the Southern District of New York] by March 1, 2024; and that the Court revisit a proper schedule for the *Mulgrew* litigation if it is transferred after March 1, 2024."  *Id.* at 1.

Also on February 16, 2024, Plaintiffs and Defendants MTA and TBTA filed letters, respectively, in further support of their application to transfer venue of this action to the Southern District of New York.  *See* Dkt. Nos. 38 and 39.

Additionally, on February 16, 2024, Plaintiffs and Defendants MTA, TBTA, NYSDOT, and NYCDOT filed a stipulation and proposed order to transfer this case to the Southern District of New York.  *See* Dkt. No. 40.

**B.**     **Legal Standard**

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b)(1)-(3); *see also* 28 U.S.C. § 1391(e)(1) (describing actions where the defendant is an officer or employee of the United States).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

5

28 U.S.C. § 1404(a). "In any motion to change venue, the movant bears the burden of establishing the propriety of transfer by clear and convincing evidence." *Payless Shoesource, Inc. v. Avalon Funding Corp.*, 666 F. Supp. 2d 356, 362 (E.D.N.Y. 2009).

District courts in the Second Circuit "appl[y] a two-part test to motions to transfer venue under § 1404(a)." *United States v. Rare Breed Triggers, LLC*, No. 23-CV-369 (NRM) (RML), -- F. Supp. 3d --, 2023 WL 2984391, at *6 (E.D.N.Y. Apr. 18, 2023) (citation omitted). "The initial inquiry is whether the case could have been brought in the proposed transferee district." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004).

If that intiial inquiry is satisfied, the court must then determine whether transfer is appropriate. *See Rare Breed Triggers*, 2023 WL 2984391, at *7. "To that end, the court may consider a host of equitable factors, including (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Id.* at *7 (citation and quotation marks omitted). These factors are "non-exclusive" and the "relative weight of each factor depends on the particular circumstances of the case." *Id.* (citations and quotation marks omitted). "Ultimately, '[t]he Court has broad discretion in balancing these factors.'" *Payless Shoesource*, 666 F. Supp. 2d at 363 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006)).

"Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Nat'l Experiential, LLC v. Nike, Inc.*, No. 20-CV-3197 (ENV) (SIL), 2021 WL 9678642, at *3 (E.D.N.Y. July 31, 2021)

6

(cleaned up) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). A court has the power to transfer venue even if it lacks personal jurisdiction over the defendant. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). Generally, the moving party "bears the burden of establishing the propriety of transfer by clear and convincing evidence." *Nat'l Experiential*, 2021 WL 9678642, at *3.

Courts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404. *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) ("Although a transfer pursuant to § 1404(a) is typically premised on the motion of a party, the statute is broad enough that a court can transfer a case on its own initiative."). A court may transfer venue on motion from either party or *sua sponte*. *See Lead Indus. Assoc., Inc. v. OSHA*, 610 F.2d 70, 79-80 n. 17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*.").

**C.**     **Discussion**

Transfer of this action to the Southern District of New York is appropriate.

As an initial matter, this action clearly "might have been brought" in the Southern District of New York, especially since the claims in *Chan* and *New Yorkers*—two Southern District cases—address the same CBD Tolling Program as alleged in this case. Plaintiffs argue that the CBD Tolling Program "would cost those traveling into the congestion zone [located in Manhattan's central business district] $15 as a base toll, with other classes of vehicles, including large trucks, paying up to $36 per day to drive into Manhattan." Am. Compl. ¶ 3. References to actions or locations in the Southern District of New York populate throughout the Amended Complaint. *See, e.g.,* Am. Compl. ¶¶ 2-3, 18, 31, 36, 91, 97, 100. At bottom, Plaintiffs' entire challenge is rooted in claims arising in the Southern District of New York. Thus, the Southern

7

District of New York is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1)-(3); *see also* 28 U.S.C. § 1391(e)(1).[3]

Next, a balanced review of the relevant nine equitable factors also supports transfer to the Southern District of New York. *See* 28 U.S.C. § 1404(a). There is no dispute among any of the parties that the first eight equitable factors, including (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; and (8) the weight accorded to Plaintiffs' choice of forum favor support transfer. Plaintiffs have consented to transfer to the Southern District of New York and all discovery in the City of New York is as equally available in the Southern District as it is in the Eastern District.

The ninth equitable factor—judicial economy and the interests of justice—weighs most heavily in favor of transfer. *See Brown v. New York*, 947 F. Supp. 2d 317, 323 (E.D.N.Y. 2013) (transferring case where "judicial economy and the interests of justice weigh heavily in favor of transfer."). As Plaintiffs correctly note, "[b]riefing the same legal issues here that will be before Judge Liman wastes time, effort, and judicial resources." Dkt. No. 39 at 2.

While Federal Defendants believe that dismissal, rather than transfer, is appropriate, they "ultimately take no position on transfer of venue" and have not filed an objection to the proposed transfer. *See* Dkt. No. 37. Indeed, it would be unreasonable for Federal Defendants to object since

---

[3] The Eastern District of New York comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of the Bronx and New York. 28 U.S.C. § 112(c). The Southern District of New York comprises the counties of the Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District. 28 U.S.C. § 112(b).

8

they are already named as defendants in *Chan* and *New Yorkers* and they are litigating their position in those same Southern District of New York cases. As Plaintiffs point out, Federal Defendants have even "weighed in on" the proposed briefing schedule in *Chan* and *New Yorkers*— a schedule that "contemplates the *very motion to dismiss* that the Federal Defendants have now pressed should be decided by this Court." Dkt. No. 39, at 2 (emphasis added).

Further, as Plaintiffs and Defendants MTA and TBTA note, Federal Defendants' anticipated motion to dismiss Plaintiffs' claims under NEPA as "time-barred and unripe, respectively" (Dkt. No. 37) may not, ultimately, be considered by the Court to be a motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 39 (citing *Chimblo v. Comm'r*, 177 F.3d 119, 125 (2d Cir. 1999) ("the statute of limitations is an affirmative defense that must be pleaded; it is not jurisdictional"); *Morgan v. Perez*, No. 17-CV-1317 (MKB), 2017 WL 2533385, at *3 n.5 (E.D.N.Y. June 9, 2017) ("New York courts have long recognized that the statute of limitations defense is not jurisdictional and can be forfeited or waived by a defendant."); *see also* Dkt. No. 38 (citing, *inter alia*, *United States v. Wong*, 575 U.S. 402, 410 (2015); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007); *Tahoe Cabin, LLC v. Fed. Highway Admin.*, No. 3:22-CV-175, 2023 WL 2021289, at *3-4 (D. Nev. Feb. 14, 2023)).

And even if Federal Defendants' motion does raise a jurisdictional issue, "there are significant economies in having a single court decide a jurisdictional question which has arisen[.]" *See Med. Soc'y of State of New York v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001). If the Court were to sever the claims against Defendants MTA, TBTA, NYSDOT, and NYCDOT and transfer those specific claims to the Southern District of New York, the Court would then force Plaintiffs to litigate Federal Defendants' motion in both the Southern District of New York and the Eastern District of New York. This would not only result in piecemeal litigation and

increase the possibility of inconsistent adjudications, but it would be illogical, since Federal Defendants would effectively be filing the *same* motion in *Chan* and *New Yorkers* as they would in the present case. Transferring this case to the Southern District of New York conserves judicial resources, minimizes duplicative litigation, and protects the parties, the courts, and the public from the possibility of conflicting results. And, in any event, there does not appear to be, as Defendants MTA and TBTA note, any case law from the Second Circuit holding "that a district court must find subject-matter jurisdiction before ordering a transfer under § 1404(a)." Dkt. 38 at 2.

In sum, because all of factors weigh in favor of transfer, no factor weighs against transfer, and the lack of objection by any party, the Court finds that transfer to the Southern District of New York is appropriate.

**D.     Conclusion**

For the foregoing reasons, considerations of fairness, efficiency, and justice favor transferring this dispute to the Southern District of New York. The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the Southern District of New York within seven days of the date of this Order, pursuant to Local Civil Rule 83.1.

Dated:      Brooklyn, New York
            February 17, 2024

                                                            */s/ Joseph A. Marutollo*
                                                            JOSEPH A. MARUTOLLO
                                                            United States Magistrate Judge