# EXHIBIT A

```
O2CANEWC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NEW YORKERS AGAINST CONGESTION
PRICING TAX, *et al.*,

        Plaintiff,

    v.                        24 Civ. 367 (LJL)

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

                              Conference

        Defendants.

------------------------------x
------------------------------x

ELIZABETH CHAN, ET AL.,

        Plaintiffs,

    v.                        23 Civ. 10365 (LJL)

UNITED STATES DEPARTMENT OF
TRANSPORTATION *et al.*,

        Defendants.

------------------------------x

                              New York, N.Y.
                              February 12, 2024
                              10:07 a.m.

Before:

                HON. LEWIS J. LIMAN,

                              District Judge

1   East Side may not have or East Harlem.  So by bringing it as a
2   class action, we have representative plaintiffs and, therefore,
3   any remedy could apply to the class.
4         THE COURT:  And is it your position that that wouldn't
5   be the case if the case goes forward with the individual
6   plaintiffs that you've got who are members of each of these
7   different communities?
8         MR. LESTER:  Well, it's possible that if we had a
9   declaratory judgment on behalf of one individual that applied
10  to the entire class, that that would be appropriate.  But I
11  think as a prophylactic measure to bring it as a class action
12  creates some extra viability and there would be notice to the
13  class.  There could be monetary damages that would have to
14  apply to the class as well.
15        THE COURT:  What's the nature of -- give me a moment.
16        MR. LESTER:  So, for example --
17        THE COURT:  I'm sorry.  I don't see in your complaint
18  a request for monetary damages.  I do see requests for various
19  types of declaratory relief and injunctive relief and for the
20  payment of costs.  Is there something I'm missing?
21        MR. LESTER:  I think we request certain monitoring
22  that should occur and that could be unique to each community.
23        THE COURT:  Okay.  But you're not seeking monetary
24  damages at this point?
25        MR. LESTER:  Well, in order to accomplish monitoring,

1    it would probably have to be some compensation, some

2    appropriation of funds.

3               THE COURT:  Well, in other words, am I correct in

4    understanding that the monitoring, if I ordered it, would have

5    to be paid for by the defendants, but that you're not seeking

6    monetary relief on behalf of members of the class?

7               MR. LESTER:  Correct.

8               THE COURT:  That's correct?

9               MR. LESTER:  Correct.

10              THE COURT:  So how do you propose to prosecute this

11   case?  Are you going to be seeking discovery?  Do you have a

12   view with respect to how I coordinate it with the case that was

13   filed by Mr. Klinger?  Why don't you address those issues.

14              MR. LESTER:  Well, I think the administrative record

15   is fairly complete.  I mean --

16              THE COURT:  I understand it's also pretty lengthy.

17              MR. LESTER:  Right.  So the issue there for us is that

18   in the record, the EPA indicated that there should be a full

19   environmental impact statement, and there should be mitigation,

20   there should be alternatives.  But the FONSI, in contradiction

21   to the facts laid out by the environmental assessment,

22   contradicted the facts.  So I think in terms of the record,

23   we're pretty confident that we could base our case and win a

24   motion for summary judgment based on the record.  But insofar

25   as plaintiffs in the companion case endeavor into discovery, we