**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

March 27, 2024

BY CM/ECF

| | |
|---|---|
| The Honorable Lewis J. Liman | The Honorable Cathy Seibel |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| 500 Pearl Street | 300 Quarropas St. |
| New York, New York 10007 | White Plains, New York 10601 |

Re:   *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (LJL) ("*Chan*"); *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 1644 (LJL) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (LJL) ("*New Yorkers*"); *County of Rockland v. Triborough Bridge & Tunnel Auth.*, No. 24 Civ. 02285 (CS) ("*Rockland*").

Dear Judges Liman and Seibel:

We write on behalf of the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA") in the above-captioned cases. Three of these cases already have been designated related and assigned to Judge Liman. *See Chan*, ECF 8; *Mulgrew*, ECF 43, Dkt. Entry dated Mar. 6, 2024; *New Yorkers*, ECF 3, 25.[1] A fourth case, *Rockland*, was newly filed in the last day and just assigned to Judge Seibel. *See Rockland*, ECF 1. We respectfully request that *Rockland* be designated related to *Chan*, *Mulgrew*, and *New Yorkers* and assigned to Judge Liman. *See* L.R. 1.6(a); R. 13(b)(3), Rules for the Division of Business.

As Your Honors are aware, in order to determine whether cases are related, a court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R.

---

[1] One of those cases, *Mulgrew*, was ordered transferred by Magistrate Judge Marutollo from the Eastern District of New York to this District on February 17, 2024. *See Mulgrew*, ECF 41.

**KAPLAN HECKER & FINK LLP**

2

13(a)(1)(A)–(D), Rules for the Division of Business. Counsel have a "continuing duty" to bring to the Court's attention "all facts which said attorney believes are relevant to a determination" of relatedness and "shall notify the Judges to whom the cases have been assigned." L.R. 1.6(a).

The four cases at issue here easily meet this standard for relatedness. All four cases concern challenges to the Manhattan Central Business District Congestion Pricing Program (the "Program"). *See Chan*, ECF 39 ¶¶ 144-210; *New Yorkers*, ECF 54 ¶¶ 164-89; *Mulgrew*, ECF 19 ¶¶ 145-84; *Rockland*, ECF 1 ¶¶ 1-6, 45-92. In addition, they all involve substantially similar defendants and nearly identical counsel (apart from plaintiffs' counsel in *New Yorkers* and *Rockland*). And the plaintiffs in all four cases challenge the Program by asserting claims under the federal and/or state constitutions. *See Chan*, ECF 10, 11, 39 ¶¶ 38-45, 144-210; *Mulgrew*, ECF 19 ¶¶ 62-69, 145-84; *New Yorkers*, ECF 54 ¶¶ 64-72, 164-89; *Rockland*, ECF 1 ¶¶ 9-12, 45-92. In the *Chan*, *Mulgrew*, and *New Yorkers* cases, Judge Liman has already held a conference, issued orders, and set a comprehensive schedule for briefing and determination of the environmental law issues first, with constitutional law issues to follow. *Chan*, ECF 32, 57; *New Yorkers*, ECF 46, 69; Ex. A. As a result, hearing the four cases together will plainly serve the interests of justice and judicial economy.

Accordingly, we respectfully request that the *Rockland* case be assigned to Judge Liman.

Respectfully submitted,

Roberta A. Kaplan