**JACK L. LESTER**
ATTORNEY AT LAW
41 Squaw Road
East Hampton, NY 11937

_____

(631) 604-2228 (office)
(646) 270-1600 (mobile)
jllcomlaw@aol.com
www.jacklesterlaw.com

June 17, 2024

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *New Yorkers Against Congestion Pricing Tax, et al. v. U.S. Dep't of Transp.*, *et al.,* No.
       24 Civ. 367 (S.D.N.Y.) (LJL)

Dear Judge Liman:

     I am writing on behalf of Plaintiffs in the above-referenced action (No. 24 Civ. 367) in regard to Your Honor's Order dated June 10, 2024 (Doc. #79). As Your Honor is aware, New York's Congestion Pricing Program, previously scheduled to commence on Jun 30, 2024, has now been placed on "indefinite pause" by New York Governor Kathy Hochul. The Governor's announcement, made on the brink of the Program's initiation, likely creates unprecedented circumstances triggering a myriad of issues. Plaintiffs' position, therefore, is that while this action may not yet be moot, Your Honor should await the availability of more definitive information on when, if ever, the Congestion Pricing Program will be implemented before proceeding to decide the pending motions.  If Your Honor, on the other hand, determines to resolve such motions now, it is respectfully requested that the Court allow for updated submissions reflecting changed circumstances prior to any decision on the pending motions.

     For Your Honor's convenience, the Governor's statement can be found at the following link: https://www.youtube.com/watch?v=zrTboCirDGM . The Governor's announcement can only be characterized as vague, with no definite course of action determined. However, one fact is certain: if Congestion Pricing is ever initiated, it will have to be evaluated in accordance with the environmental conditions existing at the time of the program's implementation. In the meantime, the studies that formulated the foundation for the Environmental Assessment ("EA") and the resultant Finding of No Significant Impact ("FONSI") may well be, or may well become, outdated. For example, advancing technologies such as increased usage of electric vehicles may lessen automobile-created pollution. New capital projects such as light rail transit may alleviate congestion. The State may experiment with alternatives to tolling such as carpooling, ridesharing, automobile restricted zones and other forms of congestion reduction. Plaintiffs

contend that the Governor's announcement creates too much speculation and uncertainty for the Court to render any determination on the pending motions at this juncture.

      It is apparent that the MTA's June 11, 2024 letter is requesting what amounts to an advisory opinion on the merits of the previously-issued FONSI. Whether or not the previously-issued FONSI will be legally impacted by the changed circumstances created by the Governor's announcement requires, at the very least, additional submissions and briefings from the parties. As noted, the "indefinite pause" creates a highly unusual, if not unprecedented factual scenario that impacts a program which is itself unprecedented in this nation. Importantly, there can be no dispute that the passage of time before Congestion Pricing is, if ever, implemented will engender changed circumstances requiring a supplemental EA and perhaps a finding of significant environmental impacts due to the impracticality or impossibility of initiating mitigation identified in a "stale" EA. Undoubtedly, given the passage of time, socioeconomic conditions will have changed. See 40 C.F.R. § 1502.16(10)(b).

      Critically important, many of the Plaintiffs in the *New Yorkers* lawsuit will be negatively affected by Congestion Pricing for the precise reasons the Governor identified for the "indefinite pause." The Governor recognized that the tolling program and structure will have a major deleterious impact upon New York's economy, job retention and small businesses. This is the very argument the *New Yorkers* Plaintiffs put forward in their third cause of action, asserting that the New York State Administrative Procedure Act (SAPA) mandates public hearings and administrative review concerning socioeconomic conditions prior to the MTA's implementation of the administrative rules governing Congestion Pricing. Therefore, based upon the Governor's announcement, if Your Honor determines that the pending motions should be resolved now, Plaintiffs respectfully request the opportunity to submit additional briefing on this issue.

                    Respectfully submitted,

                      Jack L. Lester, Esq.

Cc: All parties (ECF)