UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
NEW YORKERS AGAINST CONGESTION
PRICING TAX, DANNY BUZZETTA, DR. GREGOR
WINKEL, LEE BERMAN, MEREDITH LeVANDE,
RITA SUE SIEGEL, TOMMY LOEB, KATHRYN FREED,
TREVER HOLLAND, RICKY YANG, PAUL ENG,
BARUCH WEISS, ROBERT FRIEDRICH, KEVIN
FORRESTAL, WARREN SCHREIBER, CHRISTOPHER
RYAN, BEN MASON, DENNIS ROSARIO, RABBI Y.S.
GINZBERG, JACOB ENGLANDER, AARON GONZALEZ,
HOWARD CHIN, ELAINE LA PENNA, THOMAS
ANTHONY SCARPACI, COUNCILMEMBER KRISTY
MARMORATO, COUNCILMEMBER VICKIE PALADINO,
COUNCILMEMBER JOANN ARIOLA, COUNCILMEMBER
SUSAN ZHUANG, COUNCILMEMBER KALMAN
YEGER, COUNCILMEMBER INNA VERNIKOV,
COUNCILMEMBER, ROBERT F. HOLDEN, RICHARD
PASSARELLI, STEVEN TRAUBE, FRANCISCO
GONZALEZ, JOSE COLLADO, VITO LaBELLA, AIXA
TORRES, JULIE VELEZ, DAPHNE BRUCCULERI,
DR. ALAN L. MINTZ, D.D.S., ASSEMBLYMEMBER
SIMCHA EICHENSTEIN, THOMAS ZABIELSKIS,
NINA JODY, MICHAEL KEKAFOS, NORMAN SPIZZ,
MICHAEL GROSS, EFRAIM REISS and ASSEMBLYMEMBER
MICHAEL NOVAKHOV, individually and on behalf
of all others similarly situated,

Case No.1:24-cv-367(LJL)

**OPPOSITION TO MOTION TO DIMISS PLAINTIFFS' CONSTITUTIONAL GREEN AMENDMENT CLAIM**

                    Plaintiffs,

                v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, FEDERAL HIGHWAY
ADMINISTRATION, SHAILEN BHATT,
in his official capacity as Administrator of the
Federal Highway Administration, RICHARD J. MARQUIS,
in his official capacity as Division Administrator of the
New York Division of the Federal Highway Administration,
METROPOLITAN TRANSPORTATION AUTHORITY,
TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY, NEW YORK STATE DEPARTMENT OF
TRANSPORTATION, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION and TRAFFIC MOBILITY
REVIEW BOARD,
                    Defendants.
-------------------------------------------------------------------------------x

```
-----------------------------------------------------------------x
```
ELIZABETH CHAN, et al.,

                Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, et al.,

                Defendants.

Case No. 1:23-cv-10365 (LJL)

```
-----------------------------------------------------------------x
```
MICHAEL MULGREW, et al.,

                Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, et al.,

                Defendants.

Case No. 1:24-cv-01644 (LJL)

```
-----------------------------------------------------------------x
```
TRUCKING ASSOCIATION OF NEW YORK,

                Plaintiff,

   v.

METROPOLITAN TRANSPORTATION
AUTHORITY, et al.,

                Defendants.

Case No. 1:24-cv-04111 (LJL)

```
-----------------------------------------------------------------x
```

## TABLE OF CONTENTS

                                             Page

TABLE OF AUTHORITIES………………………………………………………………....ii

PRELIMINARY STATEMENT……………………………………………………………...1

STANDARD OF REVIEW..………………………………………………………………….1

ARGUMENT………………………………………………………………………………….3

CONCLUSION………………………………………………………………………….……8

WORD COUNT CERTIFICATION………………………………………………………..9

## TABLE OF AUTHORITIES

**Cases:**                                                                                             **Page(s)**

### FEDERAL DECISIONS

*Arthur v. Nyquist*,
    573 F2d 134, 141 (2nd Cir. 1978)……………………………………………………...6

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 2009)…………………………………………………………….3

*Autor v. Pritzker*,
    740 F.3d 176, 179 (D.C. Cir. 2014)…………………………………………………3

*Banneker Ventures, LLC v. Graham*,
    798 F.3d 1119, 1129 (D.C. Cir. 2015)……………………..……………..3

*Bowman v. Iddon*,
    848 F.3d 1034, 1039 (D.C. Cir. 2017…………………………………………………3

*Starr v. Baca*,
    652 F.3d 1202, 1216 (9th Cir. 2011)……………………………….….…..3

*U.S. v. City of Yonkers*,
    96 F3d 600 at 622………………………………………………………….…..6

### NEW YORK STATE DECISIONS

*Brown v. State,*
    89 NY 2d, 172, 186 (1996)…………………………………………………….…4

*Finn's Liquor Shop, Inc. v. State Liquor Authority,*
    24 NY2d 647 (1969)……………………………………………………….……7

*Fresh Air for the Eastside, Inc. v. Town of Perinton et al.;*
    Index No.: E2021008617………………………………………………………..4,7

*Levinson v. Lippman,*
    4 NY3d 28, 287 (2005)…………………………………………………………8

*New York Association of Convenience Stores v. Urbach,*
    169 Misc. 2d 906 (Sup. Ct. Albany Cty. 1996)……..………………………….....6

*New York Const. Materials Ass'n Inc. v. New York State Department of Environmental Conservation,*
    83 AD3d 1323 (3rd Dept. 2011)………………………………………….……7

*Parry v. County of Ononodaga*,
    51 AD3d 1385, 1387 (4th Dept. 2008)…………………………….....………….8

*People v. Caroll,*
    3 NY 2d, 686 (1958)………………………………………………………..……..4

*Tonis v. Board of Regents of the University of the State of New York,*
    295 NY 286, 293 (1946)…………………………………………………………..7

**Federal Statutes & Authorities:**

National Environmental Procedure Act ("NEPA") ……….………..………….5,6,7,8

Rule 12(b)(6)………………………………………………….…………………………….6

**State Statutes & Authorities**

Article 1, § 19 of the New York Bill of Rights
    ("The Green Amendment")………………….…..…………………1,2,3,4,5,6,7,8

**PRELIMINARY STATEMENT**

Plaintiffs NEW YORKERS AGAINST CONGESTION PRICING TAX, DANNY BUZZETTA, DR. GREGOR WINKEL, LEE BERMAN, MEREDITH LeVANDE, RITA SUE SIEGEL, TOMMY LOEB, KATHRYN FREED, TREVER HOLLAND, RICKY YANG, PAUL ENG, BARUCH WEISS, ROBERT FRIEDRICH, KEVIN FORRESTAL, WARREN SCHREIBER, CHRISTOPHER RYAN, BEN MASON, DENNIS ROSARIO, RABBI Y.S. GINZBERG, JACOB ENGLANDER, AARON GONZALEZ, HOWARD CHIN, ELAINE LA PENNA, THOMAS ANTHONY SCARPACI, COUNCILMEMBER KRISTY MARMORATO, COUNCILMEMBER VICKIE PALADINO, COUNCILMEMBER JOANN ARIOLA, COUNCILMEMBER SUSAN ZHUANG, COUNCILMEMBER KALMAN YEGER, COUNCILMEMBER INNA VERNIKOV, COUNCILMEMBER ROBERT F. HOLDEN, RICHARD PASSARELLI, STEVEN TRAUBE, FRANCISCO GONZALEZ, JOSE COLLADO, VITO LaBELLA, AIXA TORRES, JULIE VELEZ, DAPHNE BRUCCULERI, DR. ALAN L. MINTZ, D.D.S., ASSEMBLYMEMBER SIMCHA EICHENSTEIN, THOMAS ZABIELSKIS, NINA JODY, MICHAEL KEKAFOS, NORMAN SPIZZ, MICHAEL GROSS, EFRAIM REISS and ASSEMBLYMEMBER MICHAEL NOVAKHOV submit this Memorandum of Law in opposition to the omnibus motion to dismiss Plaintiffs' constitutional claims filed by the Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY, THE TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, THE TRAFFIC MOBILITY REVIEW BOARD, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, AND WILLIAM J. CARRY MOTION TO DISMISS THE CONSTITUTIONAL CLAIMS.

Plaintiffs in *New Yorkers*, *et al*. join in the arguments raised by the Plaintiffs in *Mulgrew et al. v. United States Department of Transportation, et al.; Case No. 1:24-cv-01644 (LJL)* in opposition to dismissal of the Green Amendment constitutional claim.

1

*New Yorkers'* Fifth Cause of Action asserts the constitutional rights of Plaintiffs to clean air and a healthy environment guaranteed by § 19 of Article 1 of the New York State Constitution (the "Green Amendment"). Defendants are breaching the Green Amendment by virtue of the unexamined deleterious impacts that Plaintiffs will experience due to the Defendants' failure to evaluate and mitigate the significant adverse environmental consequences of Congestion Pricing upon Plaintiff residents of environmental justice communities.

New York State's Green Amendment mandates that prior to the implementation of Congestion Pricing, that all appropriate, reasonable, applicable and necessary steps be taken to assure the constitutional rights of Plaintiffs.

*New Yorkers'* Verified Complaint asserts that New York State's Green Amendment mandates that Plaintiffs residing in environmental justice communities, including the South Bronx, East Harlem and the Lower East Side, already burdened by pre-existing air pollution, congestion, asthma and other chronic diseases, be protected from the significant negative environmental impacts that will be caused by traffic diversions caused by the implementation of Congestion Pricing.

As set forth in the Verified Complaint, Plaintiffs are residents of environmental justice communities in Chinatown, the Lower East Side, Clinton, East Harlem and the South Bronx. The Congestion Pricing Environmental Assessment details and chronicles diverted trips resulting from Congestion Pricing that will cause adverse environmental impacts that remain unmitigated in environmental justice communities.

Defendants have failed to analyze or mitigate adverse environmental effects that will result from increased southbound and northbound traffic on the Franklin D. Roosevelt ("FDR") Drive between East 10th Street and the Brooklyn Bridge. This will burden the already beleaguered residents of the Lower East Side community.

Residents of East Harlem and the South Bronx (notably Hunts Point and Highbridge) have census tracts with high pre-existing health burdens. These residents will face further adverse environmental and health consequences due to increased traffic along the Cross Bronx Expressway.

The failure of the environmental and state administrative review process to incorporate or take into account the Green Amendment into the recommendations and findings set forth in the final approval for Congestion Pricing violates the constitutional rights of Plaintiffs.

## STANDARD OF REVIEW

To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept[ ] as true all of the factual allegations contained in the complaint and draw[ ] all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014) (quotation marks omitted). Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (first bracket added)). Even if the defendant believes that its version will "prove to be the true one . . . that does not relieve defendant[ ] of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." Id.

## ARGUMENT

Enacted in January 2022, Article 1, § 19 of the New York Bill of Rights, creates a new constitutionally protected fundamental right for all New Yorkers: "Each person shall have a right

3

to clean air and water and to a healthful environment." The voters of the State of New York, and the State Legislature have elevated this right to an inalienable right, on par with other sacred fundamental rights akin to free speech, trial by jury, religious liberty, property rights and due process.

Municipal authorities out of compliance with the fundamental constitutional rights of individuals presumptively leads to individual enforcement of such rights. The Amendment is self-executing in order for the Amendment to have any life or vitality whatsoever. *See Brown v. State*, 89 NY 2d, 172, 186 (1996); *see also People v. Caroll*, 3 NY 2d, 686 (1958).

For example, the impacted community of the Lower East Side bordering the southern part of the FDR Drive including the Chinatown community encompasses a population where 35.8% of the residents live below poverty level, 93.9% are people of color residing in predominantly public housing. Asthma has disproportionately impacted residents of the Lower East Side and Chinatown. Post-September 11, 2001, respiratory diseases like asthma and cancer have spiked due to carcinogenic dust and fumes permeating the neighborhood.

In adjudicating the Green Amendment, a Monroe County Supreme Court Judge determined in the case of *Fresh Air for the Eastside, Inc. v. Town of Perinton et al.; Index No.: E2021008617,* that a two-prong test was recommended in resolving that action at the motion to dismiss stage.

First, did the governmental action comply with the applicable statute? Second, did the governmental action or inaction violate a person's constitutional "right to clean air and water and a healthful environment"? In that case of first impression, Monroe County Supreme Court Judge John J. Ark in the *Fresh Air Eastside, Inc.* case, Judge Ark found the Green Amendment to be self-executing. Judge Ark quoted from a Law Review article titled "The Impact of the Green Amendment, A New Era of Environmental Jurisprudence" published by Professor Nicholas A.

4

Robinson of the Elizabeth Haub School of Law at Pace University. Professor Robinson stated in reference to the Green Amendment:

> These self-executing rights are to be observed and respected by all branches of New York State government, including local governments, public authorities. Now that the amendment has become a fundamental right, it is incumbent on all government entities to determine if they are respecting this right.
>
> Where a person's right to clean air and clean water and a healthful environment are compromised by action that had previously been permitted by a State agency or a local government, the fact that the conduct had been deemed "legal" will not insulate it from judicial scrutiny and appropriate remedial orders by a court to give the environmental rights effect and ensure that the individual's rights are respected. There is no 'grandfathering' of actions previously permitted by the government.

In this action, no retroactive application of the Green Amendment is required. Congestion Pricing has yet to be implemented. Mitigation measures and alternative protocols can be implemented to safeguard the health and safety of Plaintiffs residing in environmental justice communities. Those communities facing increased traffic due to traffic flow diversions must be adequately protected from the health impacts of increased traffic, congestion, pollution and toxic airborne particles.

Plaintiffs seek an Order compelling compliance with the Green Amendment. Defendants argue that Congestion Pricing will improve environmental conditions and that the Green Amendment does not impose additional substantive or procedural requirements addressed by other laws such as the National Environmental Procedure Act ("NEPA"). However, in this case the Environmental Assessment ("EA") conducted by Defendants did chronicle increased environmental stress that would be visited upon environmental justice communities. Plaintiffs are not challenging the findings of the EA, as the EA itself recognized the deleterious impacts of

traffic diversion. Plaintiffs in this case are seeking compliance with constitutional rights left unaddressed in the NEPA process.

Defendants further argue that the Green Amendment claim is untimely. Defendants misconstrue the issue at stake in this action. It is the implementation and impacts of Congestion Pricing that trigger Plaintiffs' constitutional claims. Congestion Pricing is undergoing constant review and revision as the political process has intersected with administrative finality. As this case proceeds, Governor Hochul is still considering whether or not to vacate the current pause of Congestion Pricing, what circumstances will lead to the reintroduction of Congestion Pricing and the final format of Congestion Pricing in terms of the tolling scenario.

Moreover, Plaintiffs seek an Order compelling compliance with the Green Amendment. Defendants argue that compliance with the Green Amendment is untimely and that the lead agency can avoid the constitutional mandate of the Green Amendment relying on a prior NEPA review. However, in this case the constitutional mandate is premised not upon the strictures and mandates of NEPA, but upon Plaintiffs' fundamental rights incorporated in the New York State Constitution.

Liability for a constitutional violation by a state agency may be premised, not only by an action, but on a refusal to act. *See Arthur v. Nyquist*, 573 F2d 134, 141 (2nd Cir. 1978). Once a constitutional violation occurs, a state agency whose actions have contributed to a violation have the duty to take necessary steps to eliminate the violation, and each instance of failure or refusal to fulfill this affirmative duty continues the violation. *See U.S. v. City of Yonkers*, 96 F3d 600 at 622; *see also New York Association of Convenience Stores v. Urbach*, 169 Misc. 2d 906 (Sup. Ct. Albany Cty. 1996) (failing to utilize enforcement authority to the detriment of another was a constitutional violation).

Complying with the constitution is not optional for a state agency and is thus non-discretionary and ministerial. *See Finn's Liquor Shop, Inc. v. State Liquor Authority*, 24 NY2d 647 (1969). The fact that the NEPA process in this case omitted consideration of the constitutional obligations of the Green Amendment is not a rational basis to avoid constitutional compliance. It is therefore unnecessary for the Green Amendment to impose any additional duties on the NEPA process because the constitutional obligations of the government are implicit in the NEPA process and constitutional claims survive even after NEPA is completed. The New York State Constitution has formulated a nondiscretionary obligation to comply with the Green Amendment. The state and various federal agencies with authority in this case have not been granted the right to violate the constitution (*see New York Const. Materials Ass'n Inc. v. New York State Department of Environmental Conservation*, 83 AD3d 1323 (3rd Dept. 2011). Constitutional violations continue until corrected. (See Decision in *Fresh Air for the Eastside, Inc. v. The State of New York et al, Index No.:E2022000699*.)

In reviewing the force and mandate of the Green Amendment, the Court must be guided by the plain meaning of the very direct and simple terms of the Green Amendment. The Green Amendment sets forth a compelling and far-reaching mandate. The people of the State of New York have the right to be free from unclean air and water and unhealthful environment. Those rights would be meaningless if the people of the State of New York could not seek redress for violations of their constitutional rights. The Green Amendment must be read so that each word will have meaning and not so read that one word will cancel out and render meaningless another. (*See Tonis v. Board of Regents of the University of the State of New York*, 295 NY 286, 293 (1946).

Plaintiffs' declaration of constitutional rights in this action is the most appropriate vehicle to vindicate those rights. It is settled law that an action for a declaratory judgment will lie "where

7

a constitutional question is involved." (*See Parry v. County of Ononodaga*, 51 AD3d 1385, 1387 (4th Dept. 2008); *Levinson v. Lippman*, 4 NY3d 28, 287 (2005).)

## CONCLUSION

The Green Amendment declared that it is a fundamental governmental responsibility to safeguard clean air and a healthy environment for all its citizens. This action seeks to vindicate those rights in advance of the implementation of Congestion Pricing. This action is particularly compelling in the circumstances related to Congestion Pricing in view of the fact that the NEPA review process ignored the fundamental constitutional rights of Plaintiffs in environmental justice communities facing the deleterious impacts of traffic diversions. Therefore, based upon the foregoing, Defendants' motion to dismiss must be denied.

Dated: November 15, 2024
       East Hampton, New York

Respectfully submitted:

_____
Jack L. Lester, Esq.
*Attorney for Plaintiffs in*
*New Yorkers, et al.*
41 Squaw Road
East Hampton, NY 11937
631-604-2228
jllcomlaw@aol.com

**WORD COUNT CERTIFICATION**

      Jack Lester, Esq., an attorney duly admitted to the practice of law, hereby certify that pursuant to CPLR 202.8-b, that the foregoing affirmation contains 2540 words. In making this certification, I have relied upon the Word Count tool in the Microsoft Word processing program.

_____
Jack L. Lester, Esq.