UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH CHAN, *et al.*, <br><br>       Plaintiffs, <br><br>  -v- <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br>       Defendants. | |
| MICHAEL MULGREW, *et al.*, <br><br>       Plaintiffs, <br><br>  -v- <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br>       Defendants. | |
| NEW YORKERS AGAINST CONGESTION PRICING TAX, *et al.*, <br><br>       Plaintiffs, <br><br>  -v- <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br>       Defendants. | |
| TRUCKING ASSOCIATION OF NEW YORK, <br><br>       Plaintiff, <br><br>  -v- <br><br> METROPOLITAN TRANSPORTATION AUTHORITY, e*t al.*, <br><br>       Defendants. | |

23-cv-10365 (LJL)
24-cv-01644 (LJL)
24-cv-00367 (LJL)
24-cv-04111 (LJL)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2024

LEWIS J. LIMAN, United States District Judge:

On September 30, 2024, Defendants the Metropolitan Transportation Authority ("MTA"), the Triborough Bridge and Tunnel Authority ("TBTA"), the Traffic Mobility Review Board, the New York City Department of Transportation, and William J. Carry ("Defendants") filed an omnibus motion to dismiss the remaining claims in *Chan v. United States Department of Transportation*, 23-cv-10365 (S.D.N.Y.) ("*Chan*"); *Mulgrew v. United States Department of Transportation*, 24-cv-1644 (S.D.N.Y.) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax v. United States Department of Transportation*, 24-cv-367 (S.D.N.Y.) ("*New Yorkers*"); and *Trucking Association of New York v. Metropolitan Transportation Authority*, 24-cv-4111 (S.D.N.Y.) ("*Truckers*"). *Chan*, Dkt. No. 117; *Mulgrew*, Dkt. No. 104; *New Yorkers*, Dkt. No. 105; *Trucking*, Dkt. No. 62.

By stipulation and order dated October 11, 2024, the opposition briefs of the Plaintiffs in each case were due on November 15, 2024, and the reply briefs of Defendants were due no later than December 23, 2024. *Chan*, Dkt. No. 120; *Mulgrew*, Dkt. No. 107; *New Yorkers*, Dkt. No. 108; *Trucking*, Dkt. No. 65.

By letter of November 14, 2024, in 24-cv-4111, TANY requested that the Court adjourn the pending omnibus motions to dismiss and extend its deadline to file opposition briefs *sine die*. *Trucking*, Dkt. No. 66. TANY indicated that its current complaint may become moot and that it plans to file an amended complaint in light of Governor Hochul's announcement that the pause on the Central Business District Tolling Program (the "Congestion Pricing Program") will be lifted and that the program will be restructured. *Id.* It also indicated that it planned to resubmit its preliminary injunction motion "so that its application to halt the tolling program can be fully

2

briefed and heard by the Court prior to the implementation date." *Id.* Plaintiffs in the companion actions joined in the request. *Id.* The TBTA and MTA and New York State Attorney General oppose the request. *Trucking*, Dkt. Nos. 70-71. By order of November 14, 2024, the Court took the request under advisement but extended the date for the opposition to the omnibus motion to dismiss until no earlier than one week after the date the Court ruled upon the request. Dkt. No. 69. The Court denies the request. Plaintiffs' opposition briefs to the omnibus motions to dismiss shall be due November 25, 2024—one week from the date of this Order.

The Court's individual practices provide that when a plaintiff amends a complaint as of right in response to a motion to dismiss, "absent objection by a defendant, the Court will deny the motion to dismiss as moot, without prior notice to the parties," and the moving party may then file a new motion to dismiss or respond to the complaint. Individual Practices in Civil Cases § 3(C). TANY has not yet amended its complaint and Defendants have objected to the dismissal of the motion to dismiss as moot and asked for the Court to rule on the motion. Dkt. No. 70.

The essence of TANY's complaint is that the Congestion Pricing Program violates the Commerce Clause of the U.S. Constitution and the constitutional right to travel because it imposes a financial burden on TANY trucks which is not a fair approximation of their use of the Central Business District and which is excessive in comparison to the benefit conferred on them. *Trucking*, Dkt. No 14. The Plaintiffs in the related actions level similar claims. TANY asserts that its allegations will need to be revised because the original tolling program is being restructured. *Trucking*, Dkt. No. 66. But TANY has not filed an amended complaint and Defendants respond that they are prepared to defend the Congestion Pricing Plan on the basis of the original program. *Trucking*, Dkt. No. 70 at 1–2. They assert that the restructuring merely takes the form of lower toll rates for the first six years of the program and that if the Congestion Pricing Plan passes

constitutional muster and is lawful at a $15 toll, it is lawful at a $9 toll. *Id.* Defendants have not argued mootness and, from the allegations of the operative complaints, it is not clear how the change in toll would make the challenge to the structure of the program moot.

The Court concludes that the prudent course of action is for it to receive opposition briefs and reply briefs directed to the operative complaints in each action. The Defendants have been sued and are entitled to have a decision as to whether the complaints against them state a viable and live claim for relief. If a Plaintiff intends to file an amended complaint and believes that it has a new claim against the program as restructured, the Plaintiff may indicate in its opposition briefs how the program as restructured violates the law. Defendants can then reply as to why the program as alleged in the operative complaint and the program as restructured satisfy the law and the Constitution. If, during the brief, Plaintiff files its amended complaint, the Court will address that circumstance when it arises. In that fashion, the Court can provide an expeditious answer to the questions presented by the parties.

SO ORDERED.

Dated: November 18, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge