

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

March 5, 2025

**BY CM/ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  *Blumencranz v. Hochul*, No. 25 Civ. 1787 (VSB) ("*Blumencranz*"); *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (LJL) ("*Chan*"); *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 1644 (LJL) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (LJL) ("*New Yorkers*"); *Trucking Ass'n of N.Y. v. Metro. Transp. Auth.*, 24 Civ. 4111 (LJL) ("*TANY*"); *Metro. Transp. Auth. v. Duffy*, No. 25 Civ. 1413 (LJL) ("*Duffy*")

Dear Judges Broderick and Liman:

We write on behalf of the Metropolitan Transportation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA"), who are parties in the above-referenced cases concerning New York's Central Business District Tolling Program ("Program"), also known as congestion pricing. Five of those six cases have already been designated related and assigned to Judge Liman. *See Chan*, ECF 8; *New Yorkers*, ECF 3, 25; *Mulgrew*, ECF 44; *TANY*, ECF 10; *Duffy*, ECF 3. This includes *Mulgrew*, which was originally assigned to Judge Broderick, but reassigned to Judge Liman in March 2024. *Mulgrew*, ECF 43. Earlier this week, the sixth case, *Blumencranz*, was filed against parties including MTA and TBTA, and was assigned to Judge Broderick. But because

*Blumencranz* clearly concerns the same Program and subject matter as the other congestion pricing cases and thus presents overlapping legal questions, we respectfully request that it be marked as related to *Chan*, *Mulgrew*, *New Yorkers*, *TANY*, and *Duffy* and assigned to Judge Liman. *See* L. Civ. R. 1.6; R. 13(b)(3), Rules for the Division of Business.

As Your Honors are aware, to determine whether cases are related, the court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)–(D), Rules for the Division of Business.[1]

The six cases at issue here easily meet the standard for relatedness. Each concerns the Program and involves overlapping statutory and constitutional arguments challenging its legality. As a result, designating *Blumencranz* as related to the other five matters and transferring it to Judge Liman will best serve the interests of justice and judicial economy. This overlap is particularly acute with respect to *Duffy* which, like *Blumencranz*, largely turns on the legality of U.S. Secretary of Transportation Sean Duffy's letter dated February 19, 2025, purporting to rescind TBTA's authority to collect tolls under the Program. *Compare Blumencranz*, ECF 1, ¶¶ 105-43 *with Duffy*, ECF 1, ¶¶ 122-83. Indeed, Plaintiff Blumencranz actually references *Duffy* in his complaint. *See Blumencranz*, ECF 1, ¶ 17.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via ECF)

---

[1] Given that counsel appearing in a case "must bring to the attention of the court potentially related cases," L. Civ. R. 1.6, we do not understand the failure of Stefano Pérez, counsel to Plaintiff Jake Blumencranz, to do so when he filed this case on March 3, 2025, especially given that there are not merely one or two but actually five other related cases pending before Judge Liman, as has been reported widely in the press. *See, e.g.*, Stefanos Chen & Winnie Hu, *Trump Wants Congestion Pricing Dead by March 21. New York Won't Budge*, N.Y. Times (Feb. 26, 2025), https://www.nytimes.com/2025/02/26/nyregion/trump-nyc-congestion-pricing-deadline.html. If Mr. Pérez failed to do so intentionally, that would constitute improper "judge shopping." *Gomez v. Dormont Mfg. Co.*, 2022 WL 374518, at *4 (S.D.N.Y. Feb. 7, 2022).