

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 10, 2025

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

      Re:    *Mulgrew, et al. v. U.S. Dep't of Transp., et al.,* No. 24 Civ. 1644 (LJL)
            *New Yorkers Against Congestion Pricing Tax, et al. v. U.S. Dep't of Transp., et al.,* No. 24 Civ. 367 (LJL)
            *Chan, et al. v. U.S. Dep't of Transp., et al.*, No. 23 Civ. 10365 (LJL)

Dear Judge Liman:

      We write on behalf of the Federal Defendants[1] in the above-referenced matters to respectfully request, pursuant to Rules 7(b) and 16(b) of the Federal Rules of Civil Procedure ("FRCP"), that the Court stay these actions until entry of final judgment in *Metropolitan Transportation Authority, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL) ("*Duffy*"), which is also pending before your Honor. Federal Defendants have conferred with the parties in the above-referenced actions and Plaintiffs in all three actions consent to the request, whereas the non-federal defendants in all three actions (MTA/TBTA, New York City, and New York State defendants) oppose the proposed stay.

      The Court may stay proceedings because of its broad power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). In determining whether to grant a stay, courts in this district consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[1]     Federal Defendants are the U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Gloria M. Shepherd, in her official capacity as Acting Deputy Administrator of FHWA (automatically substituted for Shailen Bhatt under Fed. R. Civ. P. 25(d)), and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Courts in this district have found that when another pending litigation may effectively moot the litigation, these factors point toward a stay. *See, e.g., Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020) (granting stay pending resolution of a pending Supreme Court case on dispositive issues because "[a] stay in these circumstances conserves judicial resources and avoids unnecessary expense for a cause of action that may ultimately be rendered moot"); *Est. of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11 Civ. 1608 (AJN) (MHD), 2012 WL 5039065, at *5 (S.D.N.Y. Oct. 17, 2012) (affirming magistrate judge's conclusion that "it was in the court's best interest to stay this action pending the resolution of the consolidated appeal because the Second Circuit will likely be ruling on legal issues potentially dispositive in this case and because failure to grant the stay could well lead to unnecessary litigation that is time-consuming for this court" (internal quotation marks and alternatives omitted)); *Henry Rosenfeld, Inc. v. Himar Sales Corp.*, 460 F. Supp. 640, 642 (S.D.N.Y. 1978) ("A stay is appropriate where the state court will be able to resolve the dispositive issues of the federal action, judicial resources will be conserved by the avoidance of duplication, and the convenience of the parties, counsel and witnesses will be furthered.").

On November 21, 2024, FHWA and the Project Sponsors[2] executed the Value Pricing Pilot Program Agreement ("VPPP Agreement") approving the Central Business District Tolling Program ("CBDTP") under FHWA's Value Pricing Pilot Pricing Program. This agreement authorized the Project Sponsors to implement the CBDTP. On February 19, 2025, the Secretary of Transportation terminated the VPPP Agreement between FHWA and the Project Sponsors and rescinded FHWA's approval of the CBDTP. *See* Ex. A (Sec. Duffy Letter). MTA then filed suit challenging that decision. *See Metro. Transp. Auth., et al. v. Duffy et al.*, No. 25 Civ. 1413 (LJL), Dkt. No. 1. On February 20, 2025, FHWA notified the Project Sponsors that the rescission of approval would be effective March 21, 2025. *See* Ex. B (FHWA letter).

The relief that Plaintiffs in these three actions seek is that the CBDTP cease. *See Mulgrew*, No. 24 Civ. 1644, Dkt. No. 19 at 58; *New Yorkers Against Congestion Pricing*, No. 24 Civ. 367, Dkt. No. 54 at 56; *Chan*, No. 23 Civ. 10365, Dkt No. 49. The Secretary's decision to terminate the VPPP Agreement does just that. Unless the Court sets aside the Secretary's action in the *Duffy* matter, the Secretary's decision requires the CBDTP to cease by March 21, 2025, mooting these three cases and any decision on the NEPA and other claims in the above referenced litigations would be purely advisory. *See Friends of Lydia Ann Channel v. United States Army Corps of Eng'rs*, 701 F. App'x 352, 359 (5th Cir. 2017) ("The NEPA claim related to the now-revoked letter is moot because [plaintiffs] cannot obtain effectual relief from . . . operation of the . . . facility based on the now-revoked letter of permission.").

Looking specifically at the five *Kappel* factors, they all point towards a stay. First, the plaintiffs in all three actions have consented to the stay. And as explained above, absent an adverse result in the *Duffy* matter, Plaintiffs have obtained the substantive relief that they are seeking in the three above-captioned cases. Second, a stay is in the interest of all parties in that it will avoid a potential advisory opinion on the NEPA and other claims in these matters. Moreover, although Defendants MTA/TBTA oppose this request, they took no position on the Federal Defendants'

---

[2] The Project Sponsors are the Metropolitan Transportation Authority ("MTA"), the New York State Department of Transportation, and the New York City Department of Transportation.

request for a similar stay in the parallel litigation of the State of New Jersey's challenge to the CBDTP, *State of New Jersey v. U.S. Dep't of Transp., et al.,* No. 23 Civ. 3885 (D.N.J.), and specifically wrote to that court that "Intervenor-Defendants would not be prejudiced by a stay of this matter until the *MTA v. Duffy* matter is resolved given that the Congestion Pricing Program continues to operate." *See* Ex. C (Feb. 26, 2025 Letter). There is no reasoned basis to conclude that a stay of the three matters pending before this Court would cause the MTA/TBTA and other defendants any prejudice. Third, the interests of the courts and the public are to stay this action rather than expending judicial and public resources. The remaining factor, "the interests of persons not parties to the civil litigation," to the extent applicable, similarly supports a stay of these matters, as it is in the public interest to conserve judicial and public resources and avoid advisory opinions.

Accordingly, and for the foregoing reasons, Federal Defendants respectfully request that this Court stay all proceedings in these cases pending the entry of a final judgment in *Metropolitan Transportation Authority, et al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL).

Thank you for your consideration of this matter.

                    Respectfully,

                    MATTHEW PODOLSKY
                    Acting United States Attorney

By:    */s/ Dominika Tarczynska*
       DOMINIKA TARCZYNSKA
       Assistant United States Attorney
       Tel. (212) 637-2748
       dominika.tarczynska@usdoj.gov