
Kaplan
Martin

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

March 12, 2025

**VIA ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Mulgrew, et al. v. U.S. Dep't of Transp., et al.*, No. 24 Civ. 1644 (LJL)
> ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax, et al. v. U.S. Dep't
> of Transp., et al.*, No. 24 Civ. 367 (LJL) ("*New Yorkers*"); *Chan, et al. v. U.S.
> Dep't of Transp., et al.*, No. 23 Civ. 10365 (LJL) ("*Chan*")

Dear Judge Liman:

We write on behalf of the Metropolitan Transportation Authority ("MTA") and the
Triborough Bridge and Tunnel Authority (together with MTA, the "MTA Defendants") in
opposition to the Federal Defendants' request that the Court stay the three above-referenced actions
(the "Three Actions") until final judgment is entered in *Metropolitan Transportation Authority, et
al. v. Duffy, et al.*, No. 25 Civ. 1413 (LJL) ("*Duffy*").  *See* ECF 155 ("Ltr.").

The Federal Defendants completely fail to mention that the plaintiffs in two other cases
pending before Your Honor (*Trucking Ass'n of N.Y. v. Metro. Transp. Auth., et al.*, No. 24 Civ. 4111
("*TANY*") and *Blumencranz v. Hochul, et al.*, No. 25 Civ. 1787 ("*Blumencranz*")) are not seeking
a stay, so those actions will proceed no matter what.  But that is not all.  As the Federal Defendants
are aware, the MTA Defendants have been sued in three other actions brought by different plaintiffs
asserting constitutional and statutory claims that the MTA Defendants did not have the authority
to implement the Central Business District ("CBD") Tolling Program ("Program").  *Neuhaus, et
al. v. Triborough Bridge & Tunnel Auth., et al.*, No. 24 Civ. 3983 (CS); *County of Rockland v.
Triborough Bridge & Tunnel Auth., et al.*, No. 24 Civ. 2285 (CS); *Town of Hempstead, et al. v.
Hochul, et al.*, Index No. 450653/2025 (Sup. Ct. N.Y. Cnty.)  No stays have been proposed in those
cases.  Yet another case cited in Secretary Duffy's letter to Governor Hochul, which precipitated
the *Duffy* action, as conveying a similar argument to the letter, is only stayed pending disposition
of the claims in *Neuhaus* and *Cnty. of Rockland*.  *Town of Hempstead, et al. v. Triborough Bridge*

*and Tunnel Auth., et al.*, No. 24 Civ. 3263 (E.D.N.Y.). It obviously makes little (if any) sense for the Three Actions to be stayed when several different actions (two before this Court) will proceed.

As the Court is aware, "a stay of a civil case is an extraordinary remedy." *Grand River Enters. Six Nations, Ltd. v. Pryor*, No. 02 Civ. 5068 (JFK), 2004 WL 2480433, at *3 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005). The five-factor test courts apply in considering whether to grant a stay, *see* Ltr. at 1-2, clearly warrants a denial of the Federal Defendants' request.

The first factor—the "private interests of the plaintiffs in proceeding expeditiously"—is "concerned with vindicating the plaintiff's right to proceed with its case," and is of no moment given that plaintiffs in the Three Actions have consented to a stay. *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 428 (S.D.N.Y. 2005); *accord Lamb v. Forbes Media LLC*, No. 22 Civ. 6319 (ALC), 2024 WL 1364678, at *2 (S.D.N.Y. Apr. 1, 2024). But, as noted above, that is not true for the plaintiffs in the other cases, all of whom wish to proceed with litigating their cases and have not sought or consented to a stay.

*Second*, with respect to "the private interests of and burden on the defendants," *LaSala*, 399 F. Supp. 2d at 427, the MTA Defendants obviously have a strong interest in the prompt resolution of the Three Actions, which raise constitutional and statutory challenges to the Program. *See, e.g.*, *Pryor*, 2004 WL 2480433, at *3 (denying stay given government defendant's interest in swift disposition of claims that "cloud[] the validity" of enactments). As the Court recently explained in denying a motion to defer briefing on the MTA Defendants' omnibus motion to dismiss the Three Actions: "The Defendants have been sued and are entitled to have a decision as to whether the complaints against them state a viable and live claim for relief." *TANY*, ECF 72; *see also Cnty. of Rockland*, 2025 WL 100901, at *2 (S.D.N.Y. Jan. 14, 2025) (Seibel, J.) (denying stay pending appeal in legal challenge to the Program). This is particularly true now given Plaintiffs' position that their claims require discovery. *See* Pls.' Br. in Opp. to Mot. to Dismiss at 10 & 16 n.12, *Mulgrew*, ECF 118 (arguing that Plaintiffs are "entitled to discovery" on certain claims). While the MTA Defendants are confident in the merits of their motions to dismiss, if discovery ultimately is needed, it should begin promptly—not potentially many months (or even more than a year) down the line.

Tellingly, the Federal Defendants make no attempt to explain their own interest in a stay. That is perhaps because their interest appears to be largely strategic: avoiding the fact that they took positions contrary to that of Secretary Duffy in their previous submissions to the Court, and avoiding a potential ruling that might endorse those now-abandoned prior positions. *See, e.g.*, Fed. Defs.' Br. in Supp. of Cross-Mot. for Summ. J. at 4, *Chan*, ECF 81 (recognizing that "cordon pricing" is a form of "congestion pricing," which is authorized under the Value [formerly Congestion] Pricing Pilot Program); *cf. Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000) (the purpose of judicial estoppel is to prevent a "party from prevailing" on an argument "and then relying on a contradictory argument to prevail in another phase").

*Third*, the Court itself also has an interest in resolving this litigation expeditiously. *See Clift v. City of Burlington*, No. 12 Civ. 214, 2013 WL 12347196, at *1 (D. Vt. Apr. 8, 2013) (denying stay in light of courts' interest in securing "the just, speedy, and inexpensive determination of every action" (quoting Fed. R. Civ. P. 1)). Indeed, a stay at this juncture makes little administrative sense given that dispositive motions to dismiss and for summary judgment are

fully briefed in each of the Three Actions and ripe for disposition, and that the plaintiffs in the other two related cases pending before Your Honor have not sought a stay.  *TANY*, No. 24 Civ. 4111, *Blumencranz*, No. 25 Civ. 1787.[1]  Staying the Three Actions could thus only serve to further multiply the proceedings.

*Finally*, the fourth and fifth factors, "the interests of persons not parties to the civil litigation," and "the public interest," *LaSala*, 399 F. Supp. 2d at 427, weigh strongly against a stay for similar reasons, *see Applestein v. Kleinhendler*, No. 20 Civ. 1454 (AMD) (VMS), 2021 WL 493424, at *4 (E.D.N.Y. Feb. 10, 2021) (considering third, fourth, and fifth factors together because "judicial economy affect the interests of non-parties and the public").  For nearly two years, the MTA Defendants, New York City, New York State, and the public have lived under a cloud of uncertainty cast by the numerous legal challenges to the Program.  The Program is a significant government initiative that is successfully reducing congestion in and around Manhattan's CBD, reducing air pollution, and generating critical revenue for the MTA's 2020-2024 Capital Program.  To date, congestion pricing is alive, well, and successful by any measure.  But if the Program is ultimately ended by judicial order, the financial consequences for the MTA Defendants, and the State of New York, will be devastating, as will be the resulting political turmoil and transportation-related challenges impacting the public.  Rather than extend this uncertainty even further pending final resolution of *Duffy*, the Court should allow the Three Actions to proceed.  Just as a government defendant has an interest in the swift disposition of claims that create uncertainty around its programs, so too does the public which stands to gain from those programs.  *See, e.g.*, *Pryor*, 2004 WL 2480433, at *3 (finding fifth factor weighed against stay where validity of public legislation was clouded).

While the Federal Defendants cite the "public interest to conserve judicial and public resources and avoid advisory opinions," claiming that Plaintiffs' claims in the Three Actions could be rendered "moot" by a judgment in *Duffy*, Ltr. at 2-3, there is nothing "advisory" about the Court resolving the claims that Plaintiffs chose to bring.  As mentioned above, at least five other cases seeking to block or dissolve the Program, including two cases before this Court, will proceed.  A decision against the defendants in any one of those cases could arguably moot all of the other actions, yet the Federal Defendants do not explain why *Duffy* is somehow differently situated.  We respectfully submit that the Court should not grant the Federal Defendants' request for a stay.[2]

---

[1] The fact that the MTA Defendants took no position on the Federal Defendants' request to stay *State of New Jersey v. U.S. Department of Transportation, et al.*, No. 23 Civ. 3885 (D.N.J.) ("*New Jersey*"), is irrelevant because that case was (and is) in a very different procedural posture.  Whereas here, the parties have completed briefing on dispositive motions and Plaintiffs contend that the MTA Defendants' motions should be denied and discovery should proceed, in *New Jersey*, the parties had not completed briefing on the issues pending before that court at the time of the request.  What's more, the MTA Defendants explained that they faced no prejudice from the requested stay because of the presumption that the Program would continue to operate—something the Federal Defendants here presume will **not** be the case.  *See* Ltr. at 2.

[2] *See Medien Pat. Verwaltung AG v. Warner Bros. Ent. Inc.*, No. 10 Civ. 4119 (CM) (GWG), 2014 WL 1169575, at *3 (S.D.N.Y. Mar. 21, 2014) (denying request for stay where movant's arguments were "premised on its expectation" of a specific outcome in the other case); *TradeWinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901 (JFK), 2011 WL 309636, at *4 (S.D.N.Y. Feb. 1, 2011) (fact that the case before the court might be "ultimately contingent on the result of" other case "alone is not determinative of whether the Court should exercise its discretion" to stay the case before it).

Respectfully submitted,

Roberta A. Kaplan

cc:    Counsel of Record (via ECF)